UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY HORNE, ) Case No.:
) 
Plaintiff, ) COMPLAINT AND DEMAND FOR
) JURY TRIAL
v. )
) (Unlawful Debt Collection Practices)
NATIONAL ENTERPRISE )
)
SYSTEMS, )
)
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, JEFFREY HORNE, by and through his attorney, KATE SHUMAKER, and for his Complaint against Defendant, NATIONAL ENTERPRISE SYSTEMS, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business in the state of Delaware, and therefore, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

## PARTIES

5. Plaintiff is an adult individual who resides at 28288 Beaver Dam Branch Road in Laurel, Delaware 19956.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Verizon Wireless, incurred on or about December 22, 2003 at an amount alleged to be $1,255.67.

8. Defendant is a corporation of the State of Ohio with its principal place of business at 29125 Solon Road, Solon, Ohio.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §§ 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

PLAINTIFF'S COMPLAINT

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

### FACTUAL ALLEGATIONS

14. Defendant commenced in November 2009 to make a series of numerous abusive telephone calls to Plaintiff at the landline located in the home of Constance K. Horne, Plaintiff's ex-wife, in an attempt to collect the alleged debt. Plaintiff rents a room in the house owned by Constance K. Horne.

15. Defendant attempted to contact Plaintiff at same landline at least two (2) times each day, placing in excess of twenty (20) calls in November 2009.

16. Plaintiff requested that Defendant stop attempting to reach him at same landline because of the oppressive number of phone calls and disturbance to Plaintiff and his ex-wife, which Defendant disregarded.

17. Plaintiff disputed to Defendant the amount allegedly owed on the underlying Verizon Wireless account, since the cell phone was surrendered and the account closed in June 2005 by Plaintiff's attorney-in-fact, James F. Horne, Sr.

18. Despite knowing that Plaintiff disputed the alleged debt, Defendant still threatened Plaintiff that it would report the alleged debt to a credit reporting bureau.

19. Defendant did not provide Plaintiff with written notice within five (5) days after its initial communication with him regarding collection of the alleged debt, advising him of his right to dispute the debt and/or request validation.

20. On or about December, 2009, Defendant talked directly with Plaintiff's ex-wife, Constance K. Horne, in an effort to collect the above referenced personal obligation alleged to be owed by Plaintiff.

21. Defendant discussed Plaintiff's alleged debt with Plaintiff's ex-wife, Constance K. Horne.

22. Defendant harassed Plaintiff's ex-wife, knowing Constance K. Horne did not owe the debt and was not listed as a debtor on any account with Defendant, thereby embarrassing and humiliating Plaintiff.

## CONSTRUCTION OF APPLICABLE LAW

23. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

24. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§ 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

25. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

### COUNT I

26. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Engaging in communications with a third party without prior consent of the consumer given directly to the debt collector, in violation of 15 U.S.C. §1692c(b);

   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse, in violation of 15 U.S.C. §1692d;

   c) Engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number violation of 15 U.S.C. §1692d(5);

   d) Using false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

e) Misrepresenting the amount of the debt, in violation of 15 U.S.C. § 1692e(2);

f) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed, in violation of 15 U.S.C. § 1692e(8);

g) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

h) The collection of amounts expressly not permitted by law, in violation of 15 U.S.C. § 1692f(1);

i) Failing to send written notice of the alleged debt, in accordance with 15 U.S.C. § 1692(g)(a); and

j) By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, JEFFREY HORNE, respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

PLAINTIFF'S COMPLAINT

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

DATED: March 9, 2010

JEFFREY HORNE,

By his Attorney,

/s/ Kate Shumaker
Kate Shumaker
Kimmel & Silverman, PC

Delaware Office:
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
(302) 791-9373 phone
(302) 791-9476 fax